# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MITCHELL FIELDS,

    Plaintiff,

v.

BRUCE BANNISTER, *et al.*,

    Defendants.

Case No. 2:08-CV-00659-KJD-GWF

**ORDER**

    Before the Court is the Motion to Dismiss or in the Alternative, Motion for Summary Judgment (#63) filed by Defendants Cheryl Burson, Cameron Seisan, and Brian Williams. Plaintiff filed a response (#63) and Defendants filed a reply (#81).

    Plaintiff filed a Motion to Strike (#90), and Defendants moved to strike (#91) Plaintiff's Motion. Plaintiff filed a response (## 92, 93) and defendants filed a reply (#94).

I. Background

    Plaintiff initiated this action in May of 2008, while he was an inmate at Southern Desert Correctional Center. Defendants filed a motion to dismiss (#31) all of Plaintiff's claims, which the Court granted (#48). Plaintiff appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit

affirmed the Court's dismissal of all Plaintiff's claims except his Eighth Amendment excessive force claim and retaliation claim.  The Ninth Circuit found that Defendants failed to meet their burden to properly demonstrate failure to exhaust administrative remedies related to these two claims.  The Eighth Amendment excessive force claim and the retaliation claim were remanded for further proceedings.

Plaintiff's remaining claims are that Defendant Seisan used excessive and inappropriate force while performing a search of Plaintiff's body.  Plaintiff also alleges that Defendants Burson and Williams retaliated against Plaintiff by placing him in administrative segregation, allowing Defendant Seisan to work in the administrative segregation unit, and by ordering Plaintiff to undergo a medial exam.

II.  Discussion

    A.  Legal Standard for Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

statements, do not suffice. Id. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

B.  Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a genuine dispute for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Summary judgment motions can only be defeated by admissible evidence. In re: Oracle Corporation Securities Litigation, 627 F.3d 376, 385 (9th Cir. 2010).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a

1  genuine issue of material fact." Nilsson v. City of Mesa, 503 F.3d 947, 952 n. 2 (9th Cir. 2010)
2  (citation omitted).
3        Summary judgment shall be entered "against a party who fails to make a showing sufficient
4  to establish the existence of an element essential to that party's case, and on which that party will
5  bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted
6  if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.
7        C. Pro Se Pleadings
8        Plaintiff is representing himself pro se.  Courts must liberally construe the pleadings of pro se
9  parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, "pro se
10 litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of
11 record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).
12       D.  42 USS § 1983 Claims
13       Title 42 USC. § 1983 "provides a federal cause of action against any person who, acting
14 under color of state law, deprives another of his federal rights." Conn v. Gabbert, 526 U.S. 286, 290
15 (1999).  Section 1983 offers no substantive legal rights, but rather provides procedural protections
16 for federal rights granted elsewhere. Albright v. Oliver, 510 U.S. 266, 271 (1994).  To maintain a
17 claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal
18 Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting
19 under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).
20       E.  Exhaustion
21       Prisoners seeking relief under Section 1983 must exhaust all available administrative
22 remedies prior to bringing suit. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to
23 prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any
24 jail, prison, or other correctional facility until such administrative remedies as are available are
25 exhausted."); Jones v. Bock, 549 U.S. 199, 212 (2007), citing Porter v. Nussle, 534 U.S. 516, 524
26 (2002) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted

claims cannot be brought in court."). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001).

The failure to exhaust is an affirmative defense and a defendant bears the burden of raising and proving failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is treated as a matter in abatement, and is properly raised in an unenumerated 12(b) motion to dismiss. Id.; see Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1988).  As such, failure to exhaust is not properly raised in a motion for summary judgment, but if it is so raised, it should be treated as a motion to dismiss. Ritza, 837 F.2d at 368 (citations omitted). If the court ultimately finds that Plaintiff has not exhausted his nonjudicial remedies, the proper remedy is dismissal of his claims without prejudice. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1059 (9th Cir.2007) (citing Wyatt, 315 F.3d at 1119–20); see Ritza, 837 F.2d at 368.

A prison inmate in Nevada satisfies the administrative exhaustion requirement by following the procedures set forth in NDOC Administrative Regulation 740. This regulation sets forth time frames for the filing of grievances and warns that "[f]ailure by the inmate to submit a proper Informal Grievance form" within this time frame "shall constitute abandonment" of the inmate's right to pursue resolution of that claim at any level of the inmate grievance procedure.  See Woodford v. Ngo, 548 U.S. 81, 89 (2006). ("Proper exhaustion" means "using all steps the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).")

### 1.  Eighth Amendment Claim

In remanding this claim for further proceedings, the Ninth Circuit stated that "because it is unclear from the record when Fields received the prison's responses to his grievances, we cannot verify the timeliness of his appeals."  Fields v. Bannister, 453 Fed.Appx. 720, 721 (9th Cir. 2011)

Plaintiff submitted an informal administrative grievance, #20062654667 relating to his Eighth Amendment excessive force claim against Defendant Sesian on November 8, 2007.  Plaintiff did not sign and date this grievance as required by NDOC policy. Accordingly, on November 30,

2007, grievance #20062654667 was rejected. On December 10, 2007, Plaintiff resubmitted grievance #20062654667, but instead of submitting it as an informal grievance, he submitted it on a form for first level grievances. On that same day, grievance #20062654667 was rejected because it stated a request (a "kite"), rather than a grievance.

On December 20, 2007, Plaintiff filed a successive informal grievance, #20062659323, relating to the excessive force claim against Defendant Seisan. This grievance was rejected because it addressed the same claim which had already been initiated in grievance #20062654667.

On January 2, 2008, Plaintiff properly submitted grievance #20062654667. On January 11, 2008, NDOC officials addressed this informal grievance in a decision on the merits. The grievance was denied because an investigation showed that Defendant Seisan had performed a proper pat-down search of Plaintiff.

Plaintiff acknowledged receipt of the denial by signing the returned grievance on January 23, 2008. Plaintiff then appealed the denial of his informal grievance by filing #20062654667 as a first level grievance. However, Plaintiff failed to attach the denied informal grievance to the first level grievance as required by NDOC policy. Accordingly, the first level grievance was rejected on January 29, 2008. On January 30, 2008, the time for Plaintiff to properly file the first level appeal expired.

On February 7, 2008, Plaintiff resubmitted #20062654667 as a first level grievance with the informal grievance properly attached. However, the first level grievance was denied because it was not timely filed. Plaintiff acknowledged receipt of the denial by signing the returned grievance on February 8, 2008. Plaintiff's time to properly file a second level grievance expired on February 15, 2008.

Defendants have met their burden to demonstrate that Plaintiff failed to properly exhaust his administrative grievance for this claim, including demonstrating when Plaintiff received notice that his grievances were denied. Accordingly, the Eighth Amendment excessive force claim is dismissed for failure to properly exhaust.

6

#### 2. Retaliation

In remanding this claim, the Ninth Circuit noted that "[d]ismissal of Fields's retaliation claim for failure to exhaust administrative remedies was . . . improper because the record shows that both of Fields's attempts to file grievances regarding his allegedly retaliatory placement in administrative segregation were improperly rejected as duplicates of his excessive force grievance." Fields v. Bannister, 453 Fed.Appx. 720, 721 (9th Cir. 2011). However, the record shows that Plaintiff filed not two, but three separate informal grievances alleging retaliation in response to Plaintiff's complaint accusing Defendant Seisan of violating the Eighth Amendment. These grievances were #20062659230 filed December 19, 2007, #20062690148 filed March 4, 2008, and #20062694429 filed March 12, 2008.

Informal grievance #20062659230 was rejected on December 19, 2007 as being duplicative of his excessive force claim contained in informal grievance #20062654667. Plaintiff appealed the denial by submitting a first level grievance which was rejected on January 2, 2008.

Informal grievance #20062690148 was filed and rejected on March 4, 2008 because Plaintiff improperly used the grievance procedure to make a request.

However, on March 12, 2008, Plaintiff filed informal grievance #20062694429, alleging that the administrative segregation policy was being used to punish inmates who filed grievances. Although this grievance lacked specificity and failed to properly request a remedy, Plaintiff's grievance was upheld and Plaintiff was scheduled for a full classification hearing to address the subject.

On March 17, 2008, Plaintiff received a classification hearing where it was noted that Plaintiff was not in disciplinary segregation because he had not received a notice of charges. However, it was determined that Plaintiff would be transferred to another NDOC facility (High Desert State Prison), but would remain administratively segregated for his protection prior to his transfer. Plaintiff was transferred to High Desert the next day.

7

1  On April 14, 2008, Plaintiff received the response upholding his informal grievance
2  #20062694429.  Plaintiff immediately filed a first level grievance.  In the first level grievance,
3  Plaintiff did not explain why he was dissatisfied with the resolution of the informal grievance and did
4  not propose a remedy as required by NDOC policies.  This grievance appears to have been placed in
5  the file at High Desert and was not forwarded to Southern Desert Correctional Center for a response.
6  NDOC policies provide that an inmate may proceed to the next level of review if no response
7  is received within the timeframe set forth in AR 740.  Plaintiff did not receive a response to his first
8  level grievance within 20 calendar days of submitting it on April 14, 2008, as prescribed by AR
9  740.02(1.3.3.2).  When Plaintiff did not receive a response within 20 days, Plaintiff had 5 days to file
10  his second level grievance. AR 740.02(1.3.6).  However, Plaintiff failed to file the second level
11  grievance until May 30, 2008.  Even if the second level grievance had been filed timely and even if
12  prison officials had responded to his first level grievance, Plaintiff provided no indication of why he
13  was dissatisfied with the resolution or what remedy he was seeking.  Accordingly, Plaintiff failed to
14  exhaust his administrative remedies on the retaliation claim and dismissal of this claim is proper.

15  E. Eighth Amendment Violation

16  Even if Plaintiff had properly exhausted his administrative remedies, he has failed to state a
17  claim for an Eighth Amendment Violation.

18  "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and
19  unusual punishment forbidden by the Eighth Amendment." Jordan v. Gardner, 986 F.2d 1521, 1525
20  (9th Cir.1993) (en banc) (quoting Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89
21  L.Ed.2d 251 (1986)) (internal quotation marks and indications of alteration omitted). The alleged
22  pain may be physical or psychological. See, e.g., Jordan, 986 F.2d 1521. However, not "every
23  malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian,
24  503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

25  In Somers v. Thurman, 109 F.3d 614, 622 (9th Cir.1997), the Ninth Circuit held that the
26  Eighth Amendment did not prohibit female guards from performing visual body cavity searches on

male inmates or watching male inmates shower, despite one inmate's allegation that the guards pointed, joked, and "gawked" at him. Somers, 109 F.3d at 616; see also, e.g., Grummett v. Rushen, 779 F.2d 491, 494 n. 1 (9th Cir.1985) (prison's policy allowing female guards to observe male inmates disrobing, showering, using the toilet, and being strip-searched, and allowing them to conduct pat-down searches including the groin area, did not amount to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment"). The Ninth Circuit has held that pat down searches generally do not implicate the Eighth Amendment where they are not extremely intrusive and in the absence of preexisting mental conditions. See Somers, 109 F.3d at 623; Jordan, 986 F.2d at 1525 (intrusive searches of female inmates with history of sexual abuse by male guards violated Eighth Amendment).

Plaintiff avers that Officer Seisan "with deliberate provocation overly aggressively pushed [him] up against the wall groping [him] as well as jabbing [his] pants and underwear in [his] rectum." Viewing all well pleaded allegations in the light most favorable to Plaintiff, the pat-down search over Plaintiff's clothes conducted by Officer Seisan in the presence of other officers does not demonstrate "unnecessary and wanton infliction of paint" sufficient to give rise to an Eighth Amendment violation. Accordingly, the Plaintiff fails to state a claim on which relief can be granted and the Eighth Amendment Claim is dismissed.

F.  Retaliation

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "Of fundamental import to prisoners are their First Amendment 'rights to file prison grievances ...'" Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (quoting Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003)). "Because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Id. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:

(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567–68.

The Supreme Court has held that "in cases in which state action is motivated by both proper and improper reasons, the [state actor's] action may be sustained if it would have been taken even in the absence of the improper reason." Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir.1994) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that after he made his complaint against Defendant Sesian, Defendants Williams and Burson retaliated against him by placing him in administrative segregation and ordering a rectal examination. Plaintiff also claims that Defendant Burson retaliated against him by assigning Defendant Seisan in the Administrative Segregation Unit while Plaintiff was there. Defendants have submitted evidence demonstrating that they placed Plaintiff in administrative segregation and ordered a medical exam because they were following the standard procedures for addressing a complaint of sexual misconduct, including the Prison Rape Elimination Act. Plaintiff has offered nothing to show that Defendants' actions were motivated only by a retaliatory purpose or that the actions lacked a legitimate penological purpose. Further, Defendants have provided affidavit and documentary evidence which shows that they were unaware that Defendant Sesian, who was unnamed in Plaintiff's grievance, had been assigned to the Administrative Segregation Unit at the time Plaintiff was there. Accordingly, even if Plaintiff had properly exhausted his retaliation claim, the Court would grant summary judgment in favor of the Defendants.

G. Qualified Immunity

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity applies "regardless of whether

10

the government official's error is mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson, 555 U.S. at 231 (citation omitted).

In addressing qualified immunity, a court must determine (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right, and (2) whether that right was "clearly established." Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 967 (9th Cir.2010) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001), modified by Pearson, 555 U.S. 223). Addressing the two prongs of the test in this order is often beneficial, but it is not mandatory. Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Cmty. House, Inc., 623 F.3d at 967; see also Pearson, 555 U.S. 235.

"The plaintiff bears the burden of showing that the right he alleges to have been violated was clearly established." Collins v. Jordan, 110 F.3d 1363, 1369 (9th Cir. 1996). A clearly established right is one whose "contours . . . must be sufficiently clear that a reasonable official would understand what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987) The exact action need not have been held unlawful, but "in light of pre-existing law the unlawfulness must be apparent." Id. 483 U.S. at 640 (internal citations omitted).  This evaluation must be "in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201.  An objective standard applies. Harlow, 457 U.S. at 818-19.  Additionally, the right must be clearly established at the time of the allegedly impermissible conduct. Camarillo v. McCarthy, 998 F.2d 638 (9th Cir. 1993).

Plaintiff has not met his burden to show that Defendants are not entitled to qualified immunity.  Defendants have offered evidence showing that Defendant Seisan suspected contraband and properly searched Plaintiff while Plaintiff was clothed.  Approximately ten other corrections officers were present at the time of the search.  Further, Defendants have offered evidence showing that Defendants Burson and Williams acted pursuant to NDOC policy when they placed Plaintiff in

11

administrative segregation and ordered a medical examination.  Plaintiff has offered nothing showing that these actions violated a "clearly established" right or that a reasonable officer would understand that these actions violate that right.  Accordingly, Defendants are entitled to qualified immunity.

III. Motions to Strike

Plaintiff's Motion to Strike (#90) is an impermissible surrpely which seeks to raise arguments he did not make in his 113 page opposition to instant Motion to Dismiss.  Local Rule 7-2 does not permit Plaintiff to file a surreply.  Accordingly, Defendant's Motion to Strike (#91) is granted and Plaintiff's Motion to Strike (#90) is stricken.

Even if the Court were to consider Plaintiff's Motion to Strike, the arguments he makes would not alter the Court's decision.  Plaintiff argues that the Ninth Circuit's determination that Defendants did not properly demonstrate failure to exhaust for purposes of obtaining dismissal precludes Defendants from showing that he failed to exhaust his administrative remedies.  However, the Ninth Circuit did not hold that Defendants could never demonstrate failure to exhaust, but only that based on the record before it, the panel "could not verify" whether he had exhausted administrative remedies for his Eighth Amendment claim.  The panel further held that the record "shows that both of Fields's attempts to file grievances regarding his allegedly retaliatory placement in administrative segregation were improperly rejected as duplicates of his excessive force grievance."  Fields v. Bannister, 453 Fed.Appx. 720, 721 (9th Cir. 2011).

Defendants have again moved for dismissal or, in the alternative, for summary judgment and have submitted additional evidence from which the Court can verify that Plaintiff failed to exhaust his Eighth Amendment claim.  Further, the Ninth Circuit's use of the word "both" indicates that the panel apparently only considered two of Plaintiff's three grievances related to retaliation.  Defendants have now shown that the a third grievance, #20062694429, was upheld and appealed, but not exhausted.  Accordingly, consideration of the exhaustion arguments on remand was proper.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment (#63) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (#91) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#90) is **STRICKEN**.

DATED this 25th day of January 2013.

_____
Kent J. Dawson
United States District Judge